UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────x
LILAH CUMMINGS,                          :
                                         :  OPINION AND ORDER
                         Plaintiff,      :  11-CIV-8213 (ER)
                                         :
        - against -                      :
                                         :
JAI AMBE, INC. and DILIP N. PATEL,       :
                                         :
                         Defendants.     :
─────────────────────────────────────────x

Appearances:

Peter J. Murano, III, Esq.
Grieco, Oates & DeFilippo, LLC
West Orange, New Jersey
*Counsel for Plaintiff*

Michael E. Pressman, Esq.
Law Offices of Michael E. Pressman
New York, New York
*Counsel for Defendants*

Ramos, D.J.:

  Plaintiff Lilah Cummings ("Cummings") brings suit against Defendants Jai Ambe, Inc. and Dilip N. Patel (collectively "Jai Ambe" or "Defendants") for negligence.  Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Now pending before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, to transfer venue to the United States District Court for the District of Missouri pursuant to 28 U.S.C § 1404(a).  Defendants further ask for the costs and fees associated with making the motion as well as sanctions pursuant to Fed. R. Civ. P. 11.  For the reasons set forth below, Defendants' motion to transfer venue is GRANTED.

I.  **Background**

The following facts, which are taken from the Complaint and affidavits, are construed in the light most favorable to the Plaintiff.  *Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, No. 00 Civ. 5663 (MBM), 2001 WL 1468168, at *1 (S.D.N.Y. Nov. 19, 2001) (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 178 n.2 (S.D.N.Y. 1995)).  As "[a] Rule 12(b)(2) motion is inherently a matter requiring the resolution of factual issues outside of the pleadings," parties are permitted to submit affidavits and documents other than the pleadings.  *John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co.*, No. 91 Civ. 3644 (CES), 1992 WL 26765, at *1 n.1 (S.D.N.Y. Feb. 5, 1992).

Jai Ambe, Inc. is a corporation registered in the State of Delaware, with its corporate headquarters located in Saint Robert, Missouri.  (Defs.' Mem. L. at 5.)  Jai Ambe, Inc. owns and operates the Days Inn hotel ("the Hotel"), located at 14125 Highway Z, Saint Robert, Missouri, pursuant to a contractual franchise agreement with Days Inn Worldwide, Inc.  (Compl. ¶¶ 1, 10.)  Defendant Dilip N. Patel is the owner and president of Jai Ambe, Inc. and a Missouri resident.  (Defs.' Aff. ¶ 1.)

In or about October 2009, Cummings traveled from her home in Washingtonville, New York with her fiancé to the Hotel.  Cummings found the Hotel through an internet search of Days Inn locations close to the Missouri town where she was attending a graduation ceremony and reception.  (Pl.'s Aff. ¶ 4.)  Cummings alleges that she was severely injured on October 1, 2009 when she slipped and fell due to a slick and oily surface on the pavement while walking in the Hotel's parking lot.  (Compl. ¶¶ 1-3, 15.)  Cummings sustained an injury to her right arm and

elbow and underwent emergency medical care in Missouri.  (Pl.'s Aff. ¶¶ 3, 9.)  Once she returned home to New York, she underwent further surgical procedures for the injury.  (*Id.* ¶ 9.)

## II.  Procedural History

Prior to the instant action, Plaintiff, with her former counsel, brought suit against Defendants' franchisor for the same incident in the Supreme Court of the State of New York, Orange County, in a case styled *Lilah Cummings v. Days Inn Worldwide, Inc. and Wyndham Hotel Group, LLC*.  Defendants removed the action to this Court and subsequently moved for summary judgment pursuant to Fed. R. Civ. P. 56, stating that the venue was improper in New York and that Days Inn Worldwide, Inc. and Wyndham Hotel Group, LLC did not own, operate, maintain, or control Jai Ambe's hotel in Missouri.  Upon receipt of the summary judgment motion, Plaintiff stipulated to dismiss the case.  (Defs.' Aff. in Support ¶¶ 5-6.)

After the voluntary dismissal of the previous action, Plaintiff commenced this action with her current lawyers on November 15, 2011.  On March 28, 2012, a pre-motion conference was held before this Court, at which Defendants were granted leave to file the instant motion.

## III. Legal Standard Governing Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)

In a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden of showing that the Court has jurisdiction over the defendant.  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  In order to meet this burden, the Plaintiff must "plead[ ] in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction."  *Id*. (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998)).

In diversity actions, personal jurisdiction is determined in accordance with the law of the forum in which the federal court sits.  *Sirius Am. Ins. Co. v. SCPIE Indem. Co.*, 461 F. Supp. 2d

155, 160 (S.D.N.Y. 2006). In determining personal jurisdiction over a non-domiciliary, New York courts engage in a two-step analysis. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243-44 (2d Cir. 2007)). The first step is the application of New York State's long-arm statute. *Id.* If the exercise of personal jurisdiction is deemed appropriate pursuant to the long-arm statute, the second step is to determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Id.* at 164.

New York's long arm statute, CPLR § 302(a)(1), provides that, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: transacts any business within the state or contracts anywhere to supply goods or services in the state . . . ." N.Y.C.P.L.R. § 302(a)(1) (McKinney). A non-domiciliary may be subject to long-arm jurisdiction pursuant to CPLR § 302(a)(1) if two conditions are met: (1) the non-domiciliary "transacts business" within the state; and (2) the claim against the non-domiciliary arises out of that business transaction. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) (citation omitted).

### a. Defendants' Rule 12(b)(2) Motion to Dismiss

In opposition to Defendants' motion, Plaintiff asserts that jurisdiction is appropriate in New York for two reasons. First, Plaintiff alleges that Defendants derived commercial benefit from Plaintiff, a New York resident, through and because of their affiliation with the Days Inn brand. Second, she alleges that she was able to locate the Hotel, and make and confirm a reservation at the Hotel over the internet while home in New York.[1] (Pl.'s Mem. L. at 5.)

---

[1] Defendants moved to dismiss on the grounds that: (1) general jurisdiction under CPLR § 301 does not exist because Defendants are not "doing business" in New York, and (2) the Court cannot exercise long-arm jurisdiction over the Defendants under CPLR § 302. (Defs.' Mem. L. at 7-17.) In her opposition papers, Plaintiff concedes that

Plaintiff argues that Defendants derived commercial benefit from her booking in New York; however, the test under CPLR § 302(a)(1) is a "transacting business" test.  Thus, under New York's long-arm statute, jurisdiction may be proper "even though the defendant never enters New York, so long as the defendant's activities [in the state] were purposeful and there is a substantial relationship between the transaction and the claim asserted."  *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (N.Y. 2007) (citation omitted).  Purposeful activities are defined as activities through which a defendant "avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws."  *Id.* (citation omitted).  Here, Defendants' *only* contact with New York is through the Days Inn website, as it is undisputed that Defendants do not maintain offices, bank accounts, or property in New York, nor do they employ any individuals in New York.  (Defs.' Aff. ¶¶ 5-6.)  The Hotel is advertised on the general Days Inn website pursuant to Defendants' licensing agreement with Days Inn and Defendants do not otherwise maintain, control, own, operate, or service the Days Inn website or any website of their own.  (*Id.* ¶¶ 4, 7-8.)  Accordingly, because Defendants did not purposefully "avail[] [themselves] of the privilege of conducting activities within [New York]," the Court will not exercise long-arm jurisdiction over the Defendants on that basis.

Plaintiff also contends that long-arm jurisdiction is appropriate because she made and confirmed her reservation at the Hotel through the Days Inn website while in New York.  However, because Plaintiff's claims do not arise out of the alleged business transaction conducted in New York (i.e., the making and confirming of Plaintiff's hotel reservation), this

---

"Defendants may not be 'doing business' within New York for the purposes of asserting general jurisdiction pursuant to CPLR § 301," and argues only that the Court may exercise long-arm jurisdiction over Defendants pursuant to CPLR § 302. (Pl.'s Mem. L. at 6.)  Accordingly, the Court need not consider Defendants' argument that they are not subject to general jurisdiction in New York.

Court may not exercise long-arm jurisdiction over Defendants. In an analogous case, the district court found that the booking of a hotel reservation over defendant's website from New York would not give rise to long-arm jurisdiction where the negligence alleged related to the defendant's conduct at the hotel in Nevada. *Rodriguez v. Circus Circus Casinos, Inc.*, No. 00 Civ. 6559 (GEL), 2001 WL 21244, at *3 (S.D.N.Y. Jan. 9, 2001). Although in New York, long-arm jurisdiction may be based on a single business transaction where the cause of action arose from the transaction itself, the court found that the personal injuries involved occurred as a result of the allegedly negligent conduct of the defendants at the hotel in Nevada rather than from the making of a hotel reservation. *Id.*; *see also Hinsch v. Outrigger Hotels Haw.*, 153 F. Supp. 2d 209, 213-14 (E.D.N.Y. 2001) (noting that New York courts have "consistently held" that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy New York's long-arm statute). Here, Plaintiff's injuries arose, if at all, from the alleged negligent conduct of the Defendants in Missouri, and not from the booking of a hotel reservation over the internet. Absent the requisite nexus, this Court cannot exercise personal jurisdiction under New York's long-arm statute.

Similarly, jurisdiction over Defendants is not appropriate on the basis of their affiliation with franchisor Days Inn. In a similar personal injury case, the district court held that it could not exercise jurisdiction over a franchisee based on the acts of the franchisor. *Maresca v. Holiday Inns, Inc.*, No. 92 Civ. 4550 (RPP), 1993 WL 8166, at *5 (S.D.N.Y. Jan. 5, 1993) (citing *Grove Valve & Regulator Co. v. Iranian Oil Servs., Ltd.*, 87 F.R.D. 93, 96 (S.D.N.Y. 1980) (holding that "[w]hile it is possible to find jurisdiction over a principal based on the acts in New York of its agent . . . this theory of jurisdiction is completely inapposite . . . where it is the alleged principal who does business in New York and the agent who does not")). As Defendants

did not transact any business in New York, the Court cannot exercise jurisdiction over them based on the New York business of their franchisor.

### IV. Legal Standard Governing Change of Venue

Although this Court lacks personal jurisdiction over Defendants, dismissal is not required. In the Second Circuit "the Court's power to transfer is unaffected by [its] lack of *in personam* jurisdiction over [a] defendant." *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 992 (E.D.N.Y. 1991) (citing cases). In addition, 28 U.S.C § 1406(a) allows for the transfer of an action commenced in the wrong judicial district to the proper district, if it is in the interest of justice. *Grill v. Walt Disney Co.*, 683 F. Supp. 66, 69 (S.D.N.Y. 1988).

As an alternative to dismissing the case, the parties also agree that transfer to the District of Missouri is appropriate. (Defs.' Mem. L. at 18; Pl.'s Aff. in Support ¶ 7.) Defendants cite 28 U.S.C. § 1404(a) in support of their motion, which provides that a case may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." However, because this Court determined that it lacks personal jurisdiction over the Defendants, the proper basis for transfer is 28 U.S.C. § 1406(a). *Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08 Civ. 8556 (LAP) (DFE), 2010 WL 1487994, at *11 n.8 (S.D.N.Y. Apr. 13, 2010). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."

In this action, Defendants are both domiciled in Missouri and the cause of action arose there. They are both subject to personal jurisdiction in the District of Missouri, so, as Plaintiff

7

concedes, the case could have been brought in that Court. Therefore, transfer of venue to the District of Missouri is proper.

## V. Sanctions

The Defendants have also requesting sanctions, the granting of which is governed by Fed. R. Civ. P. 11. Fed. R. Civ. P. 11(c)(2) requires that a motion for sanctions "be made separately from any other motion." Since the Defendants filed their request for attorneys fees and sanctions with their Rule 12(b)(2) motion to dismiss, the request is DENIED. In addition, the previous case was dismissed because the Plaintiff brought the action against the incorrect defendants, not due to a lack of personal jurisdiction as the Defendants claim.

## VI. Conclusion

For the reasons set forth above, while the Court finds that the exercise of personal jurisdiction over the Defendants is not proper in this district, dismissal is not required. Rather, the Court GRANTS Defendants' motion to transfer this case to the United States District Court for the District of Missouri. Defendants' motion for sanctions is DENIED. The Clerk of the Court is respectfully directed to terminate the motion (Doc. 6) and transfer this case to the United States District Court for the District of Missouri for all purposes.

It is SO ORDERED.

Dated: February 13, 2013
White Plains, NY

_____
Edgardo Ramos, U.S.D.J.